IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK LINNEAR HAYS, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:20-cv-00473-D (BT) |
| v. | § | No. 3:95-cr-00141-D-2 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

On January 23, 2020, the Fifth Circuit tentatively granted Mark Linnear Hays authorization to file a successive motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. Hays subsequently filed a successive § 2255 motion, and the Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The Government sought and obtained leave to file a motion to dismiss. The Court should GRANT the government's motion (ECF No. 14) and DISMISS Hays's successive § 2255 motion. The Court should DENY Hays's pending motions for leave to amend or supplement his pleadings (ECF Nos. 23, 26).

### Background

On June 20, 1996, at the conclusion of a four-day trial, a jury convicted Hays on charges of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 371 (count one); Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (count two);

1

(3) using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (count three); and (4) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (count five). The Court later sentenced Hays to 60 months' imprisonment on count one; 120 months' imprisonment on count five; and mandatory life sentences on counts two and three, under 18 U.S.C. § 3559(c), the federal "three strikes" law. At sentencing, the District Court pronounced:

> This is a case that was designed for the three-strikes law. This is a defendant who deserves a life in prison. And this is a sentence that the court carries out fully confident that it is the right sentence. The man who stands before me now has lived a life of crime.

(CR ECF no. 227 at 14.)[1] Since then, Hays has attempted numerous times to overturn his convictions and sentence.

First, Hays appealed to the Fifth Circuit. The Fifth Circuit affirmed. *United States v. Hays*, 180 F.3d 261 (5th Cir. 1999) (per curiam). Hays then filed three motions to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The Court denied the first motion on the merits, *see Hays v. United States*, No. 3:00-cv-842-D (N.D. Tex.), and it dismissed the second and third motions as successive. *see Hays v. United States*, No. 3:04-cv-462-D-BD (N.D. Tex.); *Hays v. United States*, No. 3:08-cv-2300-D (N.D. Tex.). The Court also sanctioned Hays and prohibited him from filing any pleadings, motions, or other papers in this court

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to the criminal case, case number 3:95-cr-141-D-2, and "CV ECF" refers to the civil action, case number 3:20-cv-473-D-BT.

without moving for and obtaining explicit authorization from a judge of this Court. Order (ECF No. 4) in *Hays v. United States*, No. 3:09-cv-00139-D (N.D. Tex.) (recounting the numerous motions filed and the series of collateral attacks by Hays in an attempt to overturn his convictions and sentence). The Fifth Circuit similarly sanctioned Hays for filing frivolous and repetitive pleadings and motions. *See United States v. Hays*, 471 F. App'x 388, 388 (5th Cir. 2012) (ordering Hays to pay a $100 sanction).

More recently, on December 9, 2019, Hays sought authorization from the Fifth Circuit to file a successive § 2255 motion under *United States v. Davis*, 139 S. Ct. 2319 (2019),[2] and also protectively-filed a third successive (fourth overall) § 2255 motion in this Court. (CV ECF No. 1.) The Fifth Circuit granted Hays authorization to file his successive § 2255 petition, qualifying its consent as "tentative" and directing that "the district court must dismiss the motion without reaching the merits if it determines that Hays has failed to satisfy the requirements

---

[2] In *Davis*, the Supreme Court held that 18 U.S.C. § 924(c)'s residual clause was unconstitutionally vague. *Davis* announced a new rule of constitutional law that applies retroactively on a first habeas motion. *United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019). Neither the Supreme Court nor the Fifth Circuit has held that *Davis* applies retroactively on a successive habeas petition. *Chavez v. United States*, 2021 WL 765764, at *2 n. 19 (S.D. Tex. Feb. 25, 2021). Although the Government contends that *Davis* applies retroactively to successive § 2255 motions, as well as first motions, Mot. 11 n.4 (CV ECF No. 14), it notes that the Fifth Circuit recently asked amicus-curiae counsel to brief and argue the opposite. *Id.* (citing *In re Hall*, No. 19-10345 (5th Cir. Mar. 18, 2020) (inviting amicus-curiae counsel to brief and argue "in support of the view that we should deny the petition because the Supreme Court has not yet held that *Davis* applies retroactively, as [the Antiterrorism and Effective Death Penalty Act (AEDPA)] requires under 28 U.S.C. § 2255(h)(2)")).

3

for filing the motion." Order 2 (CR ECF No. 436) (citing 28 U.S.C. § 2244(b)(4); *Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001)).

In his motion, Hays argues: (1) his case mirrors the facts of *Davis* because his § 924(c) conviction was supported by a conspiracy to commit Hobbs Act robbery; and (2) his life sentences under counts two and three are unconstitutional considering recent Supreme Court rulings. *See* 18 U.S.C. § 3559(c)(2)(F)(ii)'s residual clause. Mot. 7 (ECF No. 8). The Government moves to dismiss Hays's successive § 2255 motion, arguing that Hays's first and second claims do not meet the requirements for a successive motion. Mot. (CV ECF No. 14.) That motion is now fully-briefed and ripe for determination.

## Legal Standards and Analysis

A prisoner must satisfy two requirements before a court will hear a second or successive habeas motion on the merits. *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018). First, the prisoner must obtain prior authorization for filing a second or successive motion in the district court. 28 U.S.C. § 2244(b)(3)(A). A Circuit Court may authorize a second or successive § 2255 motion if a prisoner shows:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [the movant] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

4

28 U.S.C. §§ 2244(b)(3); 2255(h); *see also In re Fields*, 831 F. App'x 710, 710 (5th Cir. 2020) (per curiam). A three-judge panel of a United States Court of Appeals makes this determination before the prisoner can file his second or successive motion in the district court. 28 U.S.C. §§ 2244(b)(3), 2255(h).

Second, where a prisoner receives authorization to file a second or successive motion, he must then prove at the district court level that his claim satisfies one of those requirements. *United States v. Hernandez*, 830 F. App'x 147, 148 (5th Cir. 2020) (per curiam) (citing *Wiese*, 896 F.3d at 723; § 2244(b)(4)). If the prisoner cannot make this showing, the district court lacks jurisdiction over the case and must dismiss the motion. *Wiese*, 896 F.3d at 723-24; *see also* 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."). The Fifth Circuit reviews *de novo* challenges to the district court's findings of fact and conclusions of law under § 2244(b)(4). *Hernandez*, 830 F. App'x at 148 (citing *Wiese*, 896 F.3d at 723 n.3; *Reyes-Requena*, 243 F.3d at 900).

Hays sought authorization for filing his successive § 2255 by attempting to show that his motion implicates "a new rule of constitutional law." Specifically, he sought authorization based on the Supreme Court's holding in *Davis*, 139 S. Ct. at 2319, which held that the residual clause of § 924(c), § 924(c)(3)(B), is unconstitutionally vague.

5

To demonstrate a successive motion relies on the rule set forth in *Davis*, a movant must show that it was "more likely than not" that he was sentenced under the residual clause. *Diggs v. United States*, 2020 WL 2840246, at *4 (N.D. Tex. May 29, 2020). This requires the movant to show that the offense underlying his § 924(c) conviction was categorized as a crime of violence only under the residual clause, § 924(c)(3)(B). *Id.* (citing *United States v. Clay*, 921 F.3d 550, 554, 559 (5th Cir. 2019) (addressing a new rule established in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the prisoner must show that it was "more likely than not" that he was sentenced under § 924(e)'s residual clause)).[3] When making this determination, a court should look to the sentencing record for direct evidence of reliance, or lack of reliance, on the residual clause; the "relevant background legal environment that existed" at the time of sentencing; the Presentence Report (PSR); and any other relevant materials before the court. *Id.* (citing *Wiese*, 896 F.3d at 724-25.)

    A. <u>Hays's claims do not meet the requirements for a successive motion</u>.

    1. <u>Hays does not show that the challenge to his § 924(c) conviction relies on *Davis*</u>.

In his first claim, Hays argues that his case mirrors the facts of *Davis* because his § 924(c) conviction was premised on conspiracy to commit Hobbs Act robbery (count two). Mot. 7 (CV ECF No. 8). However, this argument is based on a

---

[3] In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's (ACCA's) residual clause, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague.

6

misunderstanding of the relevant facts. Hays's § 924(c) conviction was predicated on a substantive Hobbs Act robbery, not conspiracy to commit Hobbs Act robbery, as Hays claims. (CR ECF No. 423 at 1784; CR ECF No. 422 at 181-83.) Consequently, the Supreme Court's holding in *Davis* did not invalidate his § 924(c) conviction. In fact, the Fifth Circuit specifically affirmed the § 924(c) convictions at issue in *Davis* as predicated on a substantive Hobbs Act robbery. *See United States v. Davis*, 903 F.3d 483, 484-85 (5th Cir. 2018) (per curiam) (affirming § 924(c) convictions predicated on Hobbs Act robbery and relying on *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017), which held that Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s elements clause). The Supreme Court did not disturb that holding. *See Davis*, 139 S. Ct. at 2325, 2336. And on remand, the Fifth Circuit "continue[d] to affirm" the § 924(c) convictions based on a Hobbs Act robbery. *United States v. Davis*, 784 F. App'x 277, 278-79 (5th Cir. 2019) (per curiam).

The Supreme Court's holding in *Davis* did not invalidate § 924(c) convictions, such as Hays's, which are supported by a Hobbs Act robbery, so Hays cannot demonstrate that the invalidation of his § 924(c) conviction relies on the new rule of law set forth in *Davis*. Therefore, Hays's first claim should be dismissed without reaching the merits. *See Chavez v. United States*, 2021 WL 765764, at *5 (S.D. Tex. Feb. 25, 2021) (finding that the movant failed to prove that his convictions relied on the residual clause invalidated by *Davis* and dismissing his successive § 2255 motion).

Not only does *Davis* not invalidate Hays's § 924(c) conviction predicated on a Hobbs Act robbery, but Hays also fails to demonstrate that his first claim relies on *Davis*. This is because he has not shown that it is more likely than not that the District Court relied on § 924(c)'s residual clause in finding that a Hobbs Act robbery is a "crime of violence" under § 924(c). At the time of Hays's trial and sentencing in 1996, the Ninth Circuit appears to have been the only circuit to have addressed the issue, and it held that a Hobbs Act robbery qualified as a crime of violence under the elements clause because the offense has as an element "actual or threatened force, or violence." *See United States v. Mendez*, 992 F.2d 1488, 1490-91 (9th Cir. 1993) (holding that "[r]obbery indisputably qualifies as a crime of violence" and noting that 18 U.S.C. § 1951(b)(1) contained the "element of 'actual or threatened force, or violence'").

Moreover, the language of the statute under which Hays was convicted, 18 U.S.C. § 1951(b)(1), and the charging instrument in his case, the February 5, 1997 superseding indictment, were consistent with § 924(c)'s elements clause. *Compare* 18 U.S.C. § 1951(b)(1) ("robbery" is defined as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property") *with* 18 U.S.C. § 924(c)(3)(A) (a "crime of violence" is defined as a felony that "has an element the use, attempted use, or threatened use of physical force against the person or property of another"); *see also* (CR ECF No. 423 at 1784 (the superseding indictment charging Hays with

8

taking "by means of actual and threatened force and violence and fear of injury to [the victim's] person").

In sum, Hays fails to show that it is more likely than not that the Court relied solely on § 924(c)'s residual clause in finding that a Hobbs Act robbery is a crime of violence. *See Clay*, 921 F.3d at 559.

2. <u>Hays has not shown that his challenge to his life sentences relies on *Davis*.</u>

In his second claim, Hays argues that his life sentences imposed on counts two and three are unconstitutional considering recent Supreme Court rulings, specifically the Supreme Court's holding in *Davis*. Mot. 7 (CV ECF No. 8). The Government contends that this claim has been abandoned. Resp. 5 n.5 (ECF No. 25). However, in an abundance of caution, the Court will address it.

Prior to sentencing, the Government filed a notice of intent to seek enhanced sentences on counts two and three under the federal "three strikes" law, 18 U.S.C. § 3559(c), alleging that Hays committed both "serious violent felonies" under § 3559(c) after he was previously convicted on separate prior occasions of two or more violent felonies. (CR ECF No. 95; CR ECF No. 423 at 1754.) The Government noticed the following convictions: (1) 1993 conviction for California armed robbery with a firearm; (2) 1993 conviction for California armed robbery committed on or about April 18, 1992; (3) 1993 conviction for California armed robbery committed on or about June 15, 1992; (4) 1982 conviction for California burglary and possession of a deadly weapon; and (5) 1992 California conviction for the possession/manufacturing/sale of a dangerous weapon. (CR ECF Nos. 95; CR ECF

9

No. 423 at 1754-55.) Hays's PSR also noted that he qualified for a sentence enhancement under § 3559(c). (PSR ¶¶ 65, 68.)

At sentencing, the District Court determined that Hays was a violent felon under the federal three-strikes law, § 3559(c)(1)(A)(i), which provides:

> (c) Imprisonment of certain violent felons—
>
> (1) Mandatory life imprisonment.—Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if –
>
> (A) the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of—
>
> (i) 2 or more serious violent felonies; or
>
> (ii) one or more serious violent felonies and one or more serious drug offenses; and
>
> (B) each serious violent felony or serious drug offense used as a basis for sentencing under this subsection, other than the first, was committed after the defendant's conviction of the preceding serious violent felony or serious drug offense.

18 U.S.C. § 3559(c)(1). The statute defines "serious violent felony" as:

> a Federal or State offense, by whatever designation and wherever committed, consisting of . . . robbery. . . [the enumerate offenses clause] and . . . any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another [the elements clause] or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense [the residual clause.]

10

*Id.* § 3559(c)(2)(F).

When the Court imposed life sentences on Hays for counts two and three, it found that Hays's prior California robbery convictions, the current count two Hobbs Act robbery offenses, and the current § 924(c) offense qualified as "serious violent felonies" under § 3559(c). Hays does not challenge the determination that the § 924(c) conviction was a serious violent felony under § 3559(c). (CV ECF No. 8 at 7; CV ECF No. 7 at 7-17.) At sentencing, the District Court did not specify whether it made its determination based on the enumerated-offenses clause, the elements clause, or the residual clause. However, based on the information before the District Court at the time of Hays's sentencing and the information now before the Court, it is clear that Hays has failed to show that it is more likely than not that the Court relied *solely* on the residual clause to find that his prior convictions were "serious violent felonies."

At sentencing, with regard to Hays's Hobbs Act robbery conviction (count two), the Government referenced *United States v. Farmer*, 73 F.3d 836, 842 (8th Cir. 1996), which held that a Hobbs Act robbery qualifies as a "serious violent felony" under § 3559(c)'s elements clause and the residual clause. (CR ECF No. 227 at 8.) *Farmer* also held that robbery "as defined in the Hobbs Act, includes the use or threatened use of force or violence for the purpose of unlawfully taking personal property from the person of another." *Famer*, 73 F.3d at 842.

Given the Government's reference to authority holding that a Hobbs Act robbery qualifies as a "serious violent felony" under the elements clause, Hays has

11

not shown that it is more likely than not that the Court relied on the residual clause at sentencing, rather than the elements clause, to conclude that the count two conviction qualified as a "serious violent felony." A determination that a sentencing court "may have" relied on the residual clause to enhance his sentence is simply insufficient. *See Clay*, 921 F.3d at 558 (citing *Beamon v. United States*, 871 F.3d 1215, 1224-25 (11th Cir. 2017) ("[I]f 'it is unclear from the record whether the sentencing court had relied on the residual clause,' the prisoner – who bears the burden of proof – 'loses'") (internal quotation marks and citations omitted)); *see also Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) ("In a section 2255 motion, a petitioner has the burden of establishing his contentions by a preponderance of the evidence."). Moreover, the language of Hays's charging document, which is closely aligned with the language of § 3559(c)'s elements clause further supports the conclusion that the Court agreed, consistent with *Famer*, that Hays's Hobbs Act robbery conviction was a serious violent felony under the elements clause. *Compare* (CR ECF No. 423 at 1784) (indictment charging Hays with taking "by means of actual and threatened force and violence and fear of injury to [the victim's] person") *with* 18 U.S.C. § 3559(c)(2)(F)(ii) (noting that the definition of a serious violent felony includes an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another").

Even if the Court found Hays's Hobbs Act robbery conviction qualified as a "serious violent felony" under the elements clause and the residual clause, as the

12

Court in *Farmer* found, Hays still fails to sustain his burden of demonstrating that it is more likely than not that he was sentenced *solely* under § 3559(c)'s residual clause. *See, e.g.*, *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018) ("[I]f it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to the use of a residual clause.") (quoting *Beeman*, 871 F.3d at 1222); *Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018) (concluding that the movant must demonstrate that the sentencing court relied "*only* on the residual clause") (emphasis added); *Dimott v. United States*, 881 F.3d 232, 243 (1st Cir. 2018) ("[T]o successfully advance a [*Johnson*] claim on collateral review, a habeas petitioner bears the burden of establishing that it is more likely than not that he was sentenced *solely* pursuant to [the Armed Career Criminal Act]'s residual clause.") (emphasis added); *Beeman*, 871 F.3d at 1221 ("To prove a *Johnson* claim, a movant must establish that his sentence enhancement turned on the validity of the residual clause, which means he must show that the 'sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause[.]") (internal quotation marks omitted); *see also Clay*, 921 F.3d at 554-55, 558-59 (the Fifth Circuit decided to take the majority approach, holding that the test is that it is more likely than not that the movant was sentenced under the residual clause).

Hays's five 1993 California armed robbery convictions counted as one strike under § 3559(c), and his 1982 armed robbery conviction counted as second strike, but the record does not state whether the Court deemed these offenses to be "serious violent felonies" under the enumerated-offenses clause, the elements clause, or the residual clause. At the time of Hays's sentencing, in 1996, there was a dearth of authority addressing whether California robbery qualifies as a "serious violent felony" under the three-strikes law, § 3559(c). In fact, the Court's reliance on the elements clause in this case is even more likely given that Hays was convicted of five armed robberies in California in 1993. (PSR ¶¶ 38-39.) It also is likely that the Court found that Hays's armed robbery convictions in 1993 qualified as serious violent felonies under the enumerated offense clause, as it specifically provides that "robbery" is a strike. 18 U.S.C. § 3559(c)(2)(F)(i).

For these reasons, Hays has not demonstrated it is more likely than not that the Court relied solely on the residual clause when sentencing Hays to life imprisonment on counts two and three under § 3559(c). *See Beeman*, 871 F.3d at 1221; *see also Clay*, 921 F.3d at 554-55, 558-59. Hays's second claim should therefore be dismissed without reaching the merits. *See Levert v. United States*, 766 F. App'x 932, 937 (11th Cir. 2019) ("Because [the movant] has not established that it was more likely than not that the sentencing court relied on the residual clause in concluding that his two prior California robbery convictions were violent felonies . . . we affirm the district court's dismissal of his § 2255 motion.").

Hays further fails to demonstrate that his second claim relies on the new rule announced in *Davis* because he has not shown that its holding regarding § 924(c)'s residual clause extends to § 3559(c)'s residual clause. Even if *Davis* had been extended to § 3559(c), Hays has not show that his claim relies on *Davis* by demonstrating that it is more likely than not that the District Court relied solely on § 3559(c)'s residual clause in finding that he had serious violent felonies. Accordingly, Hays's successive § 2255 motion does not satisfy the requirements under § 2255(h), and it should be dismissed. *See Wiese*, 896 F.3d at 723-24; *see also* 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.").

B. <u>The Court should deny Hays leave to amend or supplement his pleadings.</u>

Hays filed two Motions to File Amended and/or Supplemental Pleadings (ECF Nos. 23, 26), in which he attempts to present additional arguments addressing the merits of his successive § 2255 motion. The Court should deny his request and decline to address these new arguments because, as explained above, Hays's § 924(c) conviction is predicated on a substantive Hobbs Act robbery. Therefore, he cannot demonstrate that the invalidation of his § 924(c) conviction relies on a new rule announced in *Davis*. *See Davis*, 139 S. Ct. at 2325, 2336 (leaving intact the affirmance of movants' § 924(c) convictions predicated on Hobbs Act robbery). Additionally, as noted above, Hays has failed to show that his

15

challenge to his § 924(c) conviction relies on *Davis. See Clay*, 921 F.3d at 559. Because Hays has failed to show that he satisfies the requirements for filing a successive § 2255 motion, this Court should DISMISS his motion without reaching the merits of his claims—whether the merits are presented in the § 2255 motion or any motion to amend or supplement his pleadings.

## Recommendation

The Court should GRANT the government's Motion to dismiss (ECF No. 14) and DISMISS Hays's successive § 2255 motion. The Court should DENY Hays's pending motions for leave to amend or supplement his pleadings (ECF Nos. 23, 26).

Signed May 13, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).