IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK LINNEAR HAYS, | § | |
| | § | |
| Movant, | § | |
| | § | Civil Action No. 3:20-CV-0473-D |
| VS. | § | (Criminal No. 3:95-CR-141-D(2)) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
AND ORDER

Movant Mark Linnear Hays ("Hays") moves under Fed. R. Civ. P. 52(b) and 59(e) to alter or amend the court's July 28, 2021 judgment dismissing his motion for habeas relief under 28 U.S.C. § 2255 or to amend findings. For the reasons that follow, the court denies the motion.

I

The court assumes the parties' familiarity with the prior opinion in this case, *see Hays v. United States*, 2021 WL 3195483 (N.D. Tex. May 13, 2021) (Rutherford, J.), *report and rec. adopted*, 2021 WL 3190433 (N.D. Tex. July 28, 2021) (Fitzwater, J.), and limits its discussion of the background facts and procedural history to what is necessary to understand this decision.

On June 20, 1996 a jury convicted Hays on charges of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 371 (count one); Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (count two); (3) using a firearm during a crime of violence, in violation

of 18 U.S.C. § 924(c)(1) (count three); and (4) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (count five).

The government sought mandatory life sentences on counts two and three under 18 U.S.C. § 3559(c), the federal "three strikes" law.  To support the imposition of the enhancement, the government noticed the following convictions: (1) a 1982 conviction for California burglary and possession of a deadly weapon; (2) a 1982 conviction for California armed robbery with a firearm; (3) a 1993 conviction for California armed robbery committed on or about April 18, 1992; (4) a 1993 conviction for California armed robbery committed on or about June 15, 1992; and (5) a 1992 California conviction for possession/manufacturing/sale of a dangerous weapon.

The court sentenced Hays to 60 months' imprisonment on count one; 120 months' imprisonment on count five; and mandatory life sentences on counts two and three, under 18 U.S.C. § 3559(c).

On December 9, 2019 Hays, then proceeding *pro se*, sought authorization from the Fifth Circuit to file a successive § 2255 motion under *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019), and also protectively-filed a third successive § 2255 motion in this court.  Hays argued, *inter alia*, that his life sentences under 18 U.S.C. § 3559(c) are unconstitutional in light of *Davis*.  The Fifth Circuit granted Hays authorization to file his successive § 2255 petition, but it qualified its consent as "tentative" and directed this court to dismiss Hays's motion without reaching the merits if it determined that Hays failed to satisfy the requirements of filing such a motion.

- 2 -

On July 28, 2021, following *de novo* review, the court adopted the May 13, 2021 findings, conclusions, and recommendation of the United States Magistrate Judge and entered a final judgment dismissing with prejudice Hays's motion under 28 U.S.C. § 2255. *See Hays*, 2021 WL 3190433, at \*1.  The court concluded that it lacked jurisdiction to review the merits of Hays's motion because "Hays has not demonstrated that it was more likely than not that the Court relied solely on the residual clause [of § 3559(c)] when sentencing Hays to life imprisonment on counts two and three under § 3559(c)."  *Hays*, 2021 WL 3195483, at \*6 (citing, *inter alia*, *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017)).

The court also held that Hays's motion should be dismissed on the alternative ground that "Hays further fails to demonstrate that his [§ 3559(c)] claim relies on the new rule announced in *Davis* because he has not shown that [*Davis'*] holding regarding § 924(c)'s residual clause extends to § 3559(c)'s residual clause."  *Id.*[1]

_____

[1]Hays does not address this holding in his motion to alter or amend.  In his reply brief, Hays explains that he did not challenge this holding because "the Government has already conceded, multiple times, that the § 3559(c) residual clause is unconstitutionally vague based on the reasoning of *Davis*."  Mov. Reply at 3.

Although Hays may be correct that the government has conceded this point in other cases, he has not demonstrated that the court's alternative holding was a manifest error of law.  *Cf. United States v. Greer*, 881 F.3d 1241, 1247 (10th Cir. 2018) ("While [] courts can apply the *reasoning of Johnson* [*v. United States*, 576 U.S. 591 (2015),] to support a finding that the residual clause of similarly worded statutes are unconstitutionally vague on direct appeal, . . . . AEDPA limits federal habeas relief to new constitutional rights recognized by the *Supreme Court*." (emphasis in original)).  Thus even if the court were to conclude that it erred by holding that Hays failed to show that it was more likely than not that the court relied on the residual clause when sentencing him—a conclusion the court does not reach—Hays would still not be entitled to alter or amend the judgment because he has not challenged the alternative ground on which the court dismissed his § 2255 motion.

Hays now moves under Rules 52(b) and 59(e) to alter or amend the judgment and to amend findings, contending that the court erred in concluding that Hays has not demonstrated that the court relied on the residual clause of § 3559(c) when sentencing him to life imprisonment. The government opposes the motion.

## II

To prevail on a Rule 59(e) motion to alter or amend a judgment, the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend the judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Likewise, Rule 52(b) provides that a court "may amend its findings—or make additional findings—and may amend the judgment accordingly." Rule 52(b). The purpose of a Rule 52(b) motion "is to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." *Fontenot v. Mesa Petroleum Co.*, 791

- 4 -

F.2d 1207, 1219 (5th Cir. 1986).  A Rule 52(b) motion should not "be employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Garcia v. Stephens*, 2015 WL 6561274, at *2 (N.D. Tex. Oct. 29, 2015) (Lynn, J.) (quoting *Fontenot*, 791 F.2d at 1219).

## III

### A

Hays has neither presented newly discovered evidence nor showed a change in controlling law.  Instead, he argues that the court erred in finding that "the record does not state whether the Court deemed [Hays's prior] offenses to be 'serious violent felonies' under the enumerated-offenses clause, the elements clause, or the residual clause [of § 3559(c)]." *Hays*, 2021 WL 3195483, at *6.  And Hays contends that this erroneous factual finding concerning the record caused the court to hold erroneously that Hays failed to show that it was more likely than not that the court relied solely on the residual clause of § 3559(c) when sentencing him to life imprisonment.

Hays maintains that the court's finding is a manifest error because it overlooks two parts of the record: First, Hays contends that the court overlooked an exchange between the court and government counsel at sentencing in which the court asked whether it was the government's position that, even without the 1993 California robbery convictions—which Hays contended were not final convictions for the purposes of § 3559(c)—there would still be two predicate prior crimes of violence to support Hays's life sentence.  Second, Hays posits that the court overlooked the Addendum to the Presentence Investigation Report

- 5 -

("PSR Addendum"), which referenced U.S.S.G. § 4B1.1,[2] to support the court's conclusion that Hays qualified for a career offender sentencing enhancement under § 4B1.1.

The government responds that Hays is not entitled to relief under Rule 52(b) or 59(e) because, *inter alia*, Hays has failed to establish a manifest error of fact or law that warrants reconsideration. The government contends that Hays cannot seek relief by making "a new argument, based on evidence in the current record, that he failed to raise in the multitudinous briefs, responses, and replies he filed in this case." Gov't Resp. at 3.

B

The court agrees that Hays has not shown any manifest error of law or fact that would entitle him to relief under either Rule 52(b) or 59(e).

Hays has not shown any manifest error of fact in the court's statement that "the record does not state whether the Court deemed [Hays's prior] offenses to be 'serious violent felonies' under the enumerated-offenses clause, the elements clause, or the residual clause [of § 3559(c)]." *Hays*, 2021 WL 3195483, at *6. This is so because Hays has failed to produce any part of the record in which the court in fact stated which clause of § 3559(c) it relied on when sentencing Hays. Instead, Hays asks the court to draw inferences about what the court was thinking based on the record evidence. The fact that Hays presents only indirect evidence of the court's thinking supports, rather than undermines, the court's finding

---

[2]The PSR Addendum stated that Hays's prior convictions were "for offenses which by guideline definitions are crimes of violence. Each of these offenses involved the potential risk of physical injury to another person . . . ." PSR Addendum at 2.

that the record "does not state" what clause the court relied on.  The court therefore declines to amend the factual findings of its opinion.

Hays has also failed to demonstrate any manifest error of law in the court's opinion. A manifest error of law is "one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"  *Wease v. Ocwen Loan Servicing, LLC*, 2020 WL 1891310, at \*3 (N.D. Tex. Apr. 16, 2020) (Boyle, J.) (quoting *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)), *aff'd*, 852 Fed. Appx. 807 (5th Cir. 2021).  Because the record is, at best, ambiguous as to which clause the court relied on when sentencing Hays, the court's holding that Hays failed to show that he was more likely than not sentenced solely under the residual clause of § 3559(c) is not such an error.  *See Pitts v. United States*, 4 F.4th 1109, 1118 (11th Cir. 2021) ("And, when it is unclear what role, if any, the residual clause played, the movant loses."); *see also United States v. Clay*, 921 F.3d 550, 558 (5th Cir. 2019), *as revised* (Apr. 25, 2019), *cert. denied*, 140 S. Ct. 866 (2020) (explaining that if it is unclear from the record whether the district court relied on the residual clause, the prisoner loses).

Furthermore, Hays's arguments that the court's holding was a manifest error are not the kind that a court considers under Rule 52(b) or Rule 59(e).  Hays contends that the court erred because, if one reads together the parts of the record he relies on—the PSR Addendum's response to Hays's objections and the exchange between the court and the

- 7 -

government in the sentencing transcript[3]—it demonstrates that it is more likely than not that the court in fact relied solely on the residual clause of § 3559(c) when sentencing Hays to life imprisonment.  The court disagrees.  This is simply an attempt to relitigate the merits of the court's decision by raising an argument that could have been made before the judgment was entered based on evidence that was already in the record.  This is not the purpose of either Rule 52(b) or Rule 59(e).  *See Banister v. Davis*, ___ U.S. ___, 140 S. Ct. 1698, 1703 (2020) (holding that, under Rule 59(e), "courts will not address new arguments or evidence that the moving party could have raised before the decision issued"); *Fontenot*, 791 F.2d at 1219 (stating that Rule 52(b) should not be "employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits").

The court therefore holds that Hays has not demonstrated that he is entitled to relief under Rule 52(b) or Rule 59(e).[4]

---

[3]These parts of the record are not newly discovered evidence.  And, contrary to Hays's assertion that he previously lacked access to these parts of the record, Hays has cited the sentencing transcript, the PSR, and the PSR Addendum numerous times in his previous filings.

[4]Hays also argues that, because his motion would succeed on the merits, the court should alter its judgment in order to exercise jurisdiction over the motion.  The court disagrees.  Because Hays has not shown that the court manifestly erred in holding that it lacked jurisdiction over Hays's § 2255 motion, the court cannot (and therefore does not) consider the merits of Hays's motion.  *See Clay*, 921 F.3d at 554 ("Where a prisoner fails to make the requisite showing before the district court, the district court lacks jurisdiction and must dismiss his successive petition without reaching the merits.").

\*   \*   \*

Accordingly, Hays's August 25, 2021 motion to alter or amend the judgment and to amend findings under Rules 52(b) and 59(e) is denied.

**SO ORDERED**.

November 9, 2021.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 9 -